Matter of Kurtzrock (2025 NY Slip Op 06708)

Matter of Kurtzrock

2025 NY Slip Op 06708

Decided on December 3, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.

2023-11169

[*1]In the Matter of Glenn Kurtzrock, admitted as Glenn Ross Kurtzrock, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Glenn Kurtzrock, respondent. (Attorney Registration No. 2953354)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 14, 1999, under the name Glenn Ross Kurtzrock. By opinion and order of this Court dated December 30, 2020, the respondent was suspended from the practice of law for a period of two years, commencing February 1, 2021 (see Matter of Kurtzrock, 192 AD3d 197).

Catherine A. Sheridan, Hauppauge, NY, for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District commenced a formal disciplinary proceeding against the respondent by serving and filing a notice of petition and a verified petition, both dated November 21, 2023. The respondent served and filed an amended verified answer dated January 4, 2024. By decision and order on application dated February 2, 2024, this Court referred the matter to the Honorable Sandra L. Sgroi, as Special Referee, to hear and report. In a report dated June 26, 2024, the Special Referee sustained charges two, four, five, and six of the petition and declined to sustain charges one and three. By notice of motion dated September 11, 2024, the Grievance Committee moves to confirm the Special Referee's report insofar as it sustained charges two, four, five, and six, to disaffirm the report insofar as it declined to sustain charges one and three, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent cross-moves to confirm the Special Referee's report insofar as it declined to sustain charges one and three, to disaffirm the report insofar as it sustained charge two, and to impose such discipline, if any, as this Court deems appropriate under the circumstances. The respondent concedes charges four, five, and six, offers evidence in mitigation, and requests a sanction no greater than a public censure. We find that the Special Referee properly sustained charges two, four, five, and six and properly declined to sustain charges one and three.
The Petition
The petition alleges six charges of misconduct related to the respondent's conduct as a prosecutor in four criminal proceedings. As to charges two, four, five, and six, at all relevant times, the respondent was an Assistant District Attorney with the Suffolk County District Attorney's Office, assigned to the homicide bureau.
Charges two and four allege that the respondent failed to make timely disclosure to counsel for the defendant in a criminal prosecution of the existence of evidence or information known to him, in his capacity as the prosecutor, that tended to negate the guilt of the accused, [*2]mitigate the degree of the offense, or reduce the sentence, in violation of rule 3.8(b) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Regarding charge two, the respondent was assigned to the prosecution of People v Jairon Gonzales-Martinez (Suffolk County Indictment No. 1625/11). In the course of the investigation, several photo array identifications were conducted of multiple codefendants. Gonzales-Martinez's counsel served the District Attorney with a discovery demand, including a demand for any identification of the defendant or a coconspirator by means of a lineup, showup, or photographic display, and the respondent failed to comply as to one of the photo array identifications.
Regarding charge four, the respondent was assigned to the prosecution of People v Elvi Portillo-Aguilar (Suffolk County Indictment No. 2215/12). The indictment also charged two codefendants. Portillo-Aguilar's counsel served the District Attorney with a discovery demand, including a demand for any statements made by codefendants to law enforcement, and the respondent failed to comply.
Regarding charges five and six, which are based on the misconduct alleged, inter alia, in charges two and four, the respondent was charged with engaging in conduct that is prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct, and engaging in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The Hearing Record
A hearing was held on April 1, 2024. The Grievance Committee entered 32 exhibits into evidence to prove its case in chief. The respondent submitted 3 exhibits, which included 40 character letters, testified on his own behalf, and called two fact witnesses, Detectives Tulio Serrata and John McLeer, and three character witnesses, the Honorable John J. Toomey, Lisa Kurtzrock, the respondent's wife, and Jeremy Scileppi. The parties also entered into a stipulation of facts, which was admitted into evidence as court exhibit 1.
The respondent testified as to charge two that he did not believe the photo array could have negated or mitigated the guilt of Gonzales-Martinez, as the identities of the defendants were not in question, since all of the defendants were charged under a theory of acting in concert. The respondent also testified that he believed the evidence was duplicative in that Gonzales-Martinez's counsel was given the grand jury minutes where the subject photo array was mentioned. According to the respondent, he would have acted in accordance with the advice of his supervisors.
The respondent testified as to charge four that he did not turn over the codefendants' statements despite the discovery demand because he was not thinking of them in terms of codefendant statements. The codefendants had already pleaded guilty and were not being tried with Portillo-Aguilar. Portillo-Aguilar was convicted and the case was appealed. This Court and the United States District Court for the Eastern District of New York determined that the statements were not Brady material (see Brady v Maryland, 373 US 83; People v Portilloaguilar, 164 AD3d 1376; Portillo-Aguilar v McCarthy, US Dist Ct, ED NY, 19 CV 6006, Kuntz, J., Aug. 21, 2020).
In support of the respondent's character, he called three character witnesses and submitted 40 character letters, which contained statements as to his diligence, good character, reputation for honesty, and integrity.
The Special Referee's Report
In a report dated June 26, 2024, the Special Referee sustained charges two, four, five, and six as alleged in the petition and declined to sustain charges one and three.
In mitigation, the Special Referee noted the lack of venality or malicious or fraudulent intent, that the respondent had a good-faith belief that he was properly following the CPL 240.20 requirements that existed at the time, and that the respondent has accepted full responsibility and expressed remorse, has fully cooperated with the investigation, and is unlikely to engage in similar conduct in the future.
In aggravation, the Special Referee noted that the respondent is currently under suspension for engaging in conduct deemed to have violated Brady, as well as rule 3.8(b) of the Rules of Professional Conduct, although the allegations herein do not rise to the level or extent of the misconduct in the prior matter that resulted in the respondent's suspension. The conduct involved in this disciplinary proceeding occurred between 2011 and 2015, prior to the misconduct which formed the basis of the respondent's suspension. The fact that the respondent was employed as an Assistant District Attorney was noted as an aggravating factor and a mitigating factor. A prosecutor, as an officer of the court and representative of the People of the State, is held to a higher standard. However, the respondent devoted a substantial portion of his legal career to public service, [*3]which could be considered in mitigation.
The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustained charges two, four, five, and six, to disaffirm the report insofar as it declined to sustain charges one and three, and to impose such discipline upon the respondent as this Court deems just and proper.
The respondent, through counsel, cross-moves to confirm the Special Referee's report insofar as it declined to sustain charges one and three, to disaffirm the report insofar as it sustained charge two, and to impose such discipline, if any, as this Court deems appropriate under the circumstances. The respondent contends that he has taken responsibility for any failures to properly perform the duty imposed upon him as a prosecutor, has expressed sincere remorse for his failings, and points to the significant mitigation evidence highlighted by the Special Referee. The respondent submits that an appropriate discipline here would be the referral of this matter to the Grievance Committee for the imposition of a private discipline or a sanction no greater than a public censure.
Findings and Conclusion
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained charges two, four, five, and six and properly declined to sustain charges one and three. Therefore, that branch of the Grievance Committee's motion which is to confirm the Special Referee's report insofar as it sustained charges two, four, five, and six is granted and that branch of the Grievance Committee's motion which is to disaffirm the report insofar as it declined to sustain charges one and three is denied. Further, that branch of the respondent's cross-motion which is to disaffirm the Special Referee's report insofar as it sustained charge two is denied and that branch of the respondent's cross-motion which is to confirm the report insofar as it declined to sustain charges one and three is granted.
Under the circumstances of this case, we find that the respondent's conduct warrants a public censure.
DILLON, P.J., DUFFY, BARROS, CONNOLLY and IANNACCI, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to confirm the Special Referee's report insofar as it sustained charges two, four, five, and six is granted, and that branch of the Grievance Committee's motion which is to disaffirm the Special Referee's report insofar as it declined to sustain charges one and three is denied; and it is further,
ORDERED that the branch of the respondent's cross-motion which is to disaffirm the Special Referee's report insofar as it sustained charge two is denied, and that branch of the respondent's cross-motion which is to confirm the Special Referee's report insofar as it declined to sustain charges one and three is granted; and it is further,
ORDERED that the respondent, Glenn Kurtzrock, admitted as Glenn Ross Kurtzrock, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court